MATTHEW J. HAFEY (SBN 167122)
Email: *mhafey@nemecek-cole.com*
STACY R. GOLDSCHER (SBN 209923)
Email: *sgoldscher@nemecek-cole.com*
**NEMECEK & COLE**
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, CA 91403
Tel: (818) 788-9500 / Fax: (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SYNTROL PLUMBING HEATING & AIR, INC., a California corporation; UNISUN, INC., a California corporation; SUNNOVA ENERGY CORPORATION, a Delaware corporation; JESS BRASIER, an individual; DEBORAH BRASIER, an individual<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES RIVER INSURANCE COMPANY ("JAMES RIVER") for its Complaint against the above-named Defendants, upon knowledge, information and belief, alleges as follows:

1. This is an action by JAMES RIVER pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under Commercial General Liability Policy No. 00049696-3 which was written on an "Occurrence" form with effective dates of August 24, 2014 to August 24, 2015, with

1

**COMPLAINT FOR DECLARATORY RELIEF**

limits of $1,000,000 per Occurrence and a $5,000 per Claim deductible (the "POLICY"), a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference. JAMES RIVER is presently providing a defense to the Named Insured, Syntrol Plumbing Heating & Air, Inc. ("SYNTROL" or "Defendant"), with regard to a lawsuit styled *Brasier v. Sunnova Energy* filed October 26, 2017, Sacramento Superior Court Case No. 34-2017-00221330 (the "*Brasier* Action") pursuant to a written reservation of rights. In this action, JAMES RIVER seeks a determination that

- The 2014 POLICY should be rescinded due to material omissions in SYNTROL's Application for the 2014 POLICY regarding business conducted by SYNTROL doing business as UNISUN, INC. ("UNISUN") despite JAMES RIVER's specific inquiries regarding the same;
- SYNTROL's breach of warranty regarding business conducted by SYNTROL doing business as UNISUN despite JAMES RIVER's specific inquiries regarding the same voids coverage under the 2014 POLICY for the *Brasier* Action;
- There is no coverage for the *Brasier* Action for SYNTROL or UNISUN due to the application of a Designated Person or Organization Exclusion which precludes coverage for any claim arising out of UNISUN's "premises, operations, products, services or activities";
- There is no coverage for the *Brasier* Action for SUNNOVA ENERGY CORPORATION ("SUNNOVA") due to the application of a Designated Person or Organization Exclusion which precludes coverage for any claim arising out of UNISUN's "premises, operations, products, services or activities";
- JESS and DEBORAH BRASIER should be bound by the Court's determination of coverage with regard to this matter; and

**COMPLAINT FOR DECLARATORY RELIEF**

- SYNTROL ought to be required to reimburse JAMES RIVER for any attorney's fees and costs expended in SYNTROL's behalf in defense of the *Brasier* Action.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that the underlying action involves claims by Jess and Deborah Brasier in an amount exceeding $75,000. Defense fees and costs of counsel appointed to represent SYNTROL either are or are expected to be in excess of $75,000. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

3. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of events giving rise to this action occurred in this district and Defendants in this action reside in this district.

## PARTIES

4. At all relevant times herein, JAMES RIVER was a corporation organized under the laws of the State of Ohio whose principal place of business is located in Richmond, Virginia. JAMES RIVER is an insurance company authorized to transact business in California and Oregon on a non-admitted basis as an Excess and Surplus Lines carrier.

5. JAMES RIVER is informed and believes and thereon alleges that Defendant SYNTROL is a corporation organized and existing under the laws of the State of California whose principal place of business is located in Roseville, California. At all relevant times herein, SYNTROL represented to JAMES RIVER that it was an HVAC and plumbing contractor.

6. JAMES RIVER is informed and believes and thereon alleges that Defendant UNISUN is a corporation organized and existing under the laws of the

3

**COMPLAINT FOR DECLARATORY RELIEF**

State of California whose principal place of business is located in Roseville, California. JAMES RIVER is informed and believes that prior to its incorporation UNISUN operated as a dba of SYNTROL.

7. JAMES RIVER is informed and believes and thereon alleges that Defendant SUNNOVA ENERGY CORPORATION, is a corporation organized and existing under the laws of the State of Delaware whose principal place of business is located in Houston, Texas.

8. JAMES RIVER is informed and believes and thereon alleges that Defendant Jess Brasier ("J. BRASIER") is an individual residing in the County of Placer, State of California. J. BRASIER is a plaintiff in the *Brasier* Action.

9. JAMES RIVER is informed and believes and thereon alleges that Defendant Deborah Brasier ("D. BRASIER") is an individual residing in the County of Placer, State of California. D. BRASIER is a plaintiff in the *Brasier* Action.

10. JAMES RIVER issued Policy No. 00049696-0 to SYNTROL for the period of 8/24/2011 to 8/24/2012 (the "2011 POLICY"). The POLICY was renewed as POLICY No. 00049696-1 for the period of 8/24/2012 to 8/24/2013 (the "2012 POLICY"), renewed again as POLICY No. 00049696-2 for the period of 8/24/2013 to 8/24/2014 (the "2013 POLICY") and renewed again as POLICY No. 00049696-3 for the period of 8/24/2014 to 8/24/2015 (the "2014 POLICY").

11. In its Application for the 2011, 2012, and 2013 policies, SYNTROL represented to JAMES RIVER that it was a plumbing and HVAC contractor. In its Application for the 2014 POLICY, SYNTROL requested that UNISUN be added as a Named Insured on the POLICY, without explaining what, if any, business UNISUN intended to conduct, what revenues could be expected from UNISUN sales, what products UNISUN proposed to sell or install, or any other information about UNISUN. As part of the underwriting process, prior to the work performed by UNISUN as described in the Complaint in the *Brasier* Action, JAMES RIVER made inquiries from SYNTROL about UNISUN seeking this information.

**COMPLAINT FOR DECLARATORY RELIEF**

12. In response to the request for additional information, SYNTROL did not provide any information and its insurance broker expressly represented to JAMES RIVER that SYNTROL was dropping the issue and was no longer seeking coverage for UNISUN. Given SYNTROL's representation that it was no longer seeking coverage for UNISUN's operations, UNISUN's revenues, loss experience and other data were not available to JAMES RIVER at the time the 2014 POLICY was issued, the POLICY was issued with an express exclusion for any "operations, products, services or activities of" UNISUN. SYNTROL was expressly aware of the exclusion and accepted delivery of the POLICY, including the exclusion for any "operations, products, services or activities of" UNISUN. As such, any claim for "Bodily injury," "Property damage," or "Personal and Advertising Injury" arising out of UNISUN's "operations, products, services or activities" is not covered under the POLICY.

13. JAMES RIVER is informed and believes and thereon alleges that in or about January 2015, representatives of UNISUN (who were later alleged to be affiliated with SYNTROL) installed a solar panel system on the home of the J. BRASIER and D. BRASIER (collectively the "BRASIERS") located at 57 Nelsier Place, Oroville, California (the "Property"). JAMES RIVER is informed and believes and thereon alleges that at the time the solar panel system was installed, the persons involved in installing the solar panel system handed business cards to the BRASIERS or otherwise identified themselves as representatives of UNISUN.

14. Approximately one year later, in January 2016, and after the expiration of the POLICY, the BRASIERS alleged that they first noticed water intrusion through the roof. The water allegedly caused "Property damage" to the Property and certain personal property located within the Property. The BRASIERS contacted UNISUN, who, without JAMES RIVER's knowledge or consent, attempted repairs.

5

**COMPLAINT FOR DECLARATORY RELIEF**

15. After representatives of UNISUN met with the BRASIERS, made certain admissions, and made certain promises to repair the Property, SYNTROL reported the loss to JAMES RIVER under the 2014 POLICY. At first, SYNTROL did not advise JAMES RIVER that it was UNISUN who installed the solar panels at the Brasier Property and did not advise JAMES RIVER that representatives of UNISUN had already inspected the Property and attempted repairs or represented to the BRASIERS that UNISUN would attempt repairs.

16. UNISUN then called out a contractor, Five Star Restoration ("FIVE STAR"), to address the water damage to the BRASIERS' Property. In turn, FIVE STAR hired a roofer, Wheeler Construction ("WHEELER"), to remove the solar panels and replace the roof where it had allegedly been damaged by UNISUN's initial installation of the solar panels. In making the repairs, WHEELER allegedly tore the roof off the Property just prior to a rainstorm forecasted for May 6-7, 2016. WHEELER was allegedly unable to replace the roof before the anticipated rainstorm and allegedly attempted to tarp the roof to prevent water intrusion. The tarp blew off during the rainstorm and significant water damage allegedly occurred as a result.

17. The BRASIERS complained of various water damage, mold, and possibly asbestos contamination throughout the Property, as well as the damage caused to the piano. Further, J. BRASIER alleges that he suffers from COPD, and he has made an unspecified claim for "Bodily injury" due to exposure to the mold growing as a result of the water intrusion.

18. JAMES RIVER was not notified of this loss until April 29, 2016. It promptly acknowledged receipt on May 2, 2016, and later sent out its initial reservation of rights letter dated May 4, 2016. At the time it was put on notice of the loss, JAMES RIVER was not notified that UNISUN had hired FIVE STAR or that FIVE STAR had authorized WHEELER to tear off the roof.

**COMPLAINT FOR DECLARATORY RELIEF**

19. The basic Insuring Agreement under Form CG 0001 1207, Coverage A, "Bodily Injury" and "Property Damage" Liability of the 2014 POLICY, provides:

**1. Insuring Agreement**

    **a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.**

    \* \* \*

    **b. This insurance applies to "bodily injury" and "property damage" only if:**

        **(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";**

        **(2) The "bodily injury" or "property damage" occurs during the "policy period."**

20. The 2014 POLICY contains the following Designated Person or Organization Exclusion, Form AP2027US 05-05:

**DESIGNATED PERSON OR ORGANIZATION EXCLUSION**

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE PARTS**

**This insurance does not apply to any claim arising out of:**

**Premises, operations, products, services or activities of any person or organization listed below:**

**UNISUN**

7

**COMPLAINT FOR DECLARATORY RELIEF**

# FIRST CLAIM FOR RELIEF

### Declaratory Relief

### Duty to Defend -- SYNTROL and UNISUN

### (Against All Defendants)

21. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

22. JAMES RIVER Contends that a true and present controversy exists between JAMES RIVER, on the one hand, and Defendants, on the other, in that JAMES RIVER contends that various terms, conditions, exclusions and endorsements of the POLICY unambiguously limit or exclude coverage for a defense or indemnity in the *Brasier* Action. Among other things, the Designated Person or Organization Exclusion completely precludes coverage for the *Brasier* Action because all of the BRASIERS' claims arise out of UNISUN's "premises operations products, services or activities."

23. Based on the application of the Designated Person or Organization Exclusion, JAMES RIVER has no duty to defend anyone, including SYNTROL and UNISUN, for the *Brasier* Action.

24. The POLICY contains other applicable terms, conditions, exclusions and endorsements which operate to preclude coverage for the *Brasier* Action. Based upon the foregoing, JAMES RIVER contends that, if it is not entitled to rescind the POLICY, it nevertheless has no duty to defend and/or indemnify any Defendant herein. JAMES RIVER is informed and believes that Defendants contend otherwise.

25. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the 2014 POLICY.

///
///
///
///

## SECOND CLAIM FOR RELIEF

### Declaratory Relief

### Duty to Defend -- SUNNOVA

### (Against All Defendants)

26. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

27. JAMES RIVER Contends that a true and present controversy exists between JAMES RIVER, on the one hand, and Defendants, on the other, in that JAMES RIVER contends that various terms, conditions, exclusions and endorsements of the POLICY unambiguously limit or exclude coverage for a defense or indemnity in the *Brasier* Action. Among other things, the Designated Person or Organization Exclusion completely precludes coverage for the *Brasier* Action because all of the BRASIERS' claims arise out of UNISUN's "premises operations products, services or activities."

28. Based on the application of the Designated Person or Organization Exclusion, JAMES RIVER has no duty to defend SUNNOVA for the *Brasier* Action.

29. The POLICY contains other applicable terms, conditions, exclusions and endorsements which operate to preclude coverage for the *Brasier* Action. Based upon the foregoing, JAMES RIVER contends that, if it is not entitled to rescind the POLICY, it nevertheless has no duty to defend and/or indemnify any Defendant herein. JAMES RIVER is informed and believes that Defendants contend otherwise.

30. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the 2014 POLICY.

/ / /

/ / /

/ / /

/ / /

/ / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

## THIRD CLAIM FOR RELIEF

**Declaratory Relief**

**Breach of Warranty**

**(Against All Defendants)**

31. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

32. As an alternative remedy, SYNTROL's failure to disclose information about UNISUN at the time of the POLICY renewal, including to respond to requests for information, constitutes a material breach of warranty which voids coverage for the *Brasier* Action under the POLICY. JAMES RIVER contends that it never had a duty to defend or indemnify SYNTROL or UNISUN or any other defendant herein as to any of the allegations contained in the *Brasier* Action.

33. A true and present controversy exists between JAMES RIVER, on the one hand, and Defendant, on the other, in that JAMES RIVER contends SYNTROL's breach of warranty voids coverage for all defendants under the POLICY as set forth above. JAMES RIVER is informed and believes that Defendants contend otherwise.

34. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY and the JAMES RIVER Application.

35. Based upon the foregoing, JAMES RIVER contends that there is no coverage for the *Brasier* Action for anyone under the POLICY, either for a defense or indemnity. JAMES RIVER is informed and believes that Defendants contend otherwise.

## FOURTH CLAIM FOR RELIEF

**Declaratory Relief**

**Rescission**

**(Against All Defendants)**

36. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 20 and 31 through 35, inclusive, of this Complaint.

37. As an alternative, SYNTROL's failure to disclose information about UNISUN at the time of the POLICY renewal, including to respond to requests for information, constitutes a material omission of fact which entitles JAMES RIVER to rescind the POLICY. JAMES RIVER does hereby rescind the POLICY and offers to return the premium therefor to SYNTROL. JAMES RIVER contends that, as a result of said rescission, the POLICY is void *ab initio* and JAMES RIVER never had a duty to defend or indemnify SYNTROL or UNISUN or any other defendant herein as to any of the allegations contained in the *Brasier* Action.

38. A true and present controversy exists between JAMES RIVER, on the one hand, and Defendant, on the other, in that JAMES RIVER contends that it is entitled to rescind the POLICY based on SYNTROL's material omission of information in the Application as set forth above. JAMES RIVER is informed and believes that Defendants contend otherwise.

39. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY and the JAMES RIVER Application.

40. Based upon the foregoing, JAMES RIVER contends that there is no coverage for the *Brasier* Action for anyone under the POLICY, either for a defense or indemnity. JAMES RIVER is informed and believes that Defendant contends otherwise.

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief

### (Against J. BRASIER and D. BRASIER)

41. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint.

42. A true and present controversy exists between JAMES RIVER, on the one hand, and the BRASIERS on the other, in that if the BRASIERS were to obtain a judgment or settlement against Defendants and that judgment becomes final and non-appealable, the BRASIERS would potentially have a right of direct action

against JAMES RIVER pursuant to Insurance Code section 11580(b). JAMES RIVER is therefore entitled to declaratory relief binding the BRASIERS to the court's coverage determination in this action. JAMES RIVER is informed and believes that the BRASIERS contend otherwise.

43. JAMES RIVER is informed and believes and thereon alleges that the POLICY provides additional terms, conditions, exclusions and endorsements applicable to the BRASIERS. JAMES RIVER reserves the right to amend its Complaint to apply such terms, conditions, exclusions and endorsements as additional facts are discovered.

44. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

## SIXTH CLAIM FOR RELIEF

### Declaratory Relief

### (Reimbursement against SYNTROL)

45. JAMES RIVER repeats and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

46. A true and present controversy exists between JAMES RIVER, on the one hand, and SYNTROL on the other, in that JAMES RIVER contends that upon a declaration from the Court that it has no duty to defend SYNTROL against the *Brasier* Action, JAMES RIVER is entitled to recover from SYNTROL the attorney's fees and costs expended on SYNTROL's behalf from the date of its reservation of rights (February, 2018) forward. JAMES RIVER is informed and believes that SYNTROL contends otherwise.

47. A judicial determination is necessary to determine the respective rights of the parties hereto pursuant to the terms, conditions, exclusions and endorsements of the POLICY.

48. Upon such determination, JAMES RIVER is entitled to such reimbursement from SYNTROL.

WHEREFORE, Plaintiff JAMES RIVER requests that the Court enter judgment in its favor:

**On The First Claim For Relief Of The Complaint**

A. That the terms, conditions, exclusions and endorsements of the POLICY provisions preclude JAMES RIVER's duty to defend SYNTROL or UNISUN with regard to the *Brasier* Action; and

B. For interest and other recoverable costs.

**On The Second Claim For Relief Of The Complaint**

C. That the terms, conditions, exclusions and endorsements of the POLICY provisions preclude JAMES RIVER's duty to defend SUNNOVA with regard to the *Brasier* Action; and

D. For interest and other recoverable costs.

**On The Third Claim For Relief Of The Complaint**

E. For a judicial declaration that the POLICY has been rescinded and, therefore, is void *ab initio*;

F. For a judicial declaration that there is no potential for coverage for the *Brasier* Action under the POLICY by reason of JAMES RIVER's rescission of the POLICY and, therefore, that JAMES RIVER does not and never did have a duty to defend Defendants with regard to the *Brasier* Action; and

G. For interest and other recoverable costs.

**On The Fourth Claim For Relief Of The Complaint**

H. For a judicial declaration that SYNTROL's breach of warranty voids coverage under the POLICY for the *Brasier* Action;

I. For a judicial declaration that there is no potential for coverage for the *Brasier* Action under the POLICY by reason of SYNTROL's breach of warranty and,

therefore, that JAMES RIVER does not and never did have a duty to defend Defendants with regard to the *Brasier* Action; and

  J. For interest and other recoverable costs.

### On The Fifth Claim For Relief Of The Complaint

  K. That the terms, conditions, exclusions and endorsements of the POLICY provisions preclude coverage for any Defendant herein for any of the allegations of the *Brasier* Action, such that the BRASIERS should be bound by the coverage determination of this Court;

  L. For interest and other recoverable costs.

### On The Sixth Claim For Relief Of The Complaint

  M. For a judicial declaration that JAMES RIVER is entitled to reimbursement from SYNTROL of attorney's fees and costs expended in SYNTROL's defense of the *Brasier* Action from the date of JAMES RIVER's reservation of rights forward.

### On All Claims For Relief Of The Complaint

  N. For interest and other recoverable costs.

  O. Awarding JAMES RIVER such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

DATED: May 29, 2018    NEMECEK & COLE

By: *[signature]*
MATTHEW J. HAFEY
STACY R. GOLDSCHER
Attorneys for Defendant
JAMES RIVER INSURANCE COMPANY

14
**COMPLAINT FOR DECLARATORY RELIEF**

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury.

DATED: May 29, 2018
NEMECEK & COLE

By: /s/ Matthew J. Hafey
MATTHEW J. HAFEY
STACY R. GOLDSCHER
Attorneys for Defendant
JAMES RIVER INSURANCE COMPANY